UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLOTTE YEE, | No. C-08-4259 MMC (EMC) |
| Plaintiff, | |
| v. | **ORDER GRANTING DEFENDANT'S MOTION FOR PROTECTIVE ORDER** |
| U.S. SECRETARY OF LABOR, HILDA SOLIS, | **(Docket No. 56)** |
| Defendant. | |
| _____/ | |

Defendant asks that the Court issue a protective order with respect to documents "contained within any EEO file, medical file, injury compensation file, or any personnel file of any person other than the plaintiff." Docket No. 56 (Proposed Order). Having considered the parties' briefs and accompanying submissions, as well as all other evidence of record, the Court hereby **GRANTS** Defendant's request for a protective order.

Federal Rule of Civil Procedure 26(c) allows a court to issue a protective order "for good cause." Fed. R. Civ. P. 26(c). Although Plaintiff argues that Defendant has failed to establish good cause, the Court does not agree. Defendants seeks to protect only documents in EEO, medical, injury compensation, and personnel files (excluding plaintiff's). Each of these kinds of files implicates the privacy rights of third parties, and therefore, a protective order is appropriate. Moreover, the terms of the protective order sought by Defendant are limited. Plaintiff is free to use the documents in any way so long as it is for purposes of this litigation only, and she may disclose the documents to, *inter alia*, actual or potential third-party witnesses.

Plaintiff protests that, at the very least, there should not be a protective order with respect to the EEO investigation of a complaint that was lodged against *her* by Mr. Holden. But simply because the investigation included Plaintiff as part of its scope does not mean that the privacy rights of third parties -- including but not limited to Mr. Holden -- are not implicated. As indicated above, the terms of the protective order sought by Defendant are limited and do not preclude Plaintiff from litigating her case.

Accordingly, the Court hereby enters the protective order sought by Defendant:

All documents obtained from the Department of Labor in response to discovery requests made under the Federal Rules of Civil Procedure or made pursuant to any disclosure requirement, which documents are contained within any EEO file, medical file, injury compensation file, or any personnel file of any person other than the plaintiff shall be subject to the following restrictions:

1. All information shall be used only for the purpose of this litigation and not for any other purpose;

2. No information shall be disclosed to anyone other than (a) the attorneys employed by plaintiff, should she hire attorneys; (b) the parties; (c) actual or potential third-party witnesses; (d) outside experts or consultants retained by any of the parties or their counsel for purposes of this litigation; (e) the Court in further proceedings herein; (f) stenographic deposition reporters; and (g) other persons upon whom the parties mutually agree in writing;

3. There shall be no reproduction of the documents, except that, as required by the litigation, copies, excerpts, or summaries may be shown to those authorized in Paragraph 2;

4. Except as otherwise provided in Paragraphs 2 and 3, all documents shall remain in the custody of the plaintiff (or her attorneys of record) during the pendency of the litigation;

5. Upon final determination of this litigation, including all appeals, all documents, including copies, extracts or summaries thereof, produced by defendant that pertains to any person other than the plaintiff herein, shall be returned to defendant's counsel. Notwithstanding this paragraph, however, the plaintiff may retain one copy of each pleading and other document filed with the Court that contains any documents covered by this Order; and

6.      This Stipulation and Protective Order is without prejudice to the right of any party to seek modification of it from the Court. It shall remain in effect until such time as it is modified, amended or rescinded by the Court and shall survive termination of this action. The Court shall have continuing jurisdiction to modify, amend, or rescind this Stipulation and Protective Order notwithstanding the termination of this action.

IT IS SO ORDERED.

Dated: May 19, 2009

_____
EDWARD M. CHEN
United States Magistrate Judge