UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLOTTE YEE, | No. C-08-4259 MMC (EMC) |
| Plaintiff, | |
| v. | **ORDER RE JOINT LETTER OF SEPTEMBER 18, 2009** |
| U.S. SECRETARY OF LABOR, HILDA SOLIS, | **(Docket No. 101)** |
| Defendant. | |
| _____/ | |

      The parties have submitted a joint letter, dated September 18, 2009, regarding a discovery dispute. Defendant asks that Plaintiff be compelled to return to Defendant information that was inadvertently produced. In response, Plaintiff states that, "[i]f the material forwarded to her in error has not been requested and is not relevant to her case, she will simply overlook it." Joint Letter at 3. Having reviewed the joint letter, the Court hereby grants the relief requested by Defendant.

      Plaintiff's contention that she is entitled to any relevant information is incorrect. Privileged information is often relevant, but the mere relevance of information does not mean that the attorney-client privilege is overcome. The issue here is whether Defendant's inadvertent production of information should be deemed a waiver of the privilege. Considering the factors articulated in *Hartford Fire Ins. Co. v. Garvey*, 109 F.R.D. 323 (N.D. Cal. 1985), the Court concludes that there has been no waiver. *See id.* at 332. Most significant is the fact that Defendant immediately acted to

rectify its error. Also, fairness weighs in favor of a finding of no waiver as Plaintiff has not pointed to any document that was improperly withheld by Defendant.[1]

For similar reasons, the Court concludes that nonprivileged information provided by Defendant inadvertently should also be returned. That is, Plaintiff has not made any showing that any of the nonprivileged information inadvertently provided is actually relevant to her case and therefore improperly withheld by Defendant.

Accordingly, the Court hereby grants Defendant's request for relief. Plaintiff is ordered to (1) return the DVD at issue and (2) destroy any copies she has made (either copies of the DVD itself or copies of any of the contents of the DVD). Finally, the Court notes that, should Plaintiff seek to use any of the information that was inadvertently produced, then it will recommend to the presiding judge that Plaintiff be barred from doing so.

This order disposes of Docket No. 101.

IT IS SO ORDERED.

Dated: September 28, 2009

_____
EDWARD M. CHEN
United States Magistrate Judge

---

[1] The Court acknowledges that Plaintiff appears to have identified some e-mails that Defendant agrees should have been produced. However, there is no evidence that Defendant deliberately sought to withheld those e-mails. *See* Joint Letter at 2 (explaining that the e-mails did not mention Plaintiff's name and therefore did not turn up in Defendant's search of Mr. Holden's e-mails).

2