United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLOTTE YEE, | No. C-08-4259 MMC (EMC) |
| Plaintiff, | |
| v. | **ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION** |
| U.S. SECRETARY OF LABOR, HILDA SOLIS, | **(Docket No. 104)** |
| Defendant. | |
| _____/ | |

Plaintiff has moved the Court to reconsider its order of September 28, 2009, in which it, *inter alia*, instructed Plaintiff to return to Defendant documents that had inadvertently been produced. *See* Docket No. 103 (order). The Court hereby **DENIES** Plaintiff's motion.

**I.   DISCUSSION**

Motions for reconsideration are governed by Civil Local Rule 7-9. Under that rule, "[n]o party may notice a motion for reconsideration without first obtaining leave of Court to file the motion." Civ. L.R. 7-9(a). To obtain leave of the Court, the party must specifically show:

(1) That at the time of the motion for leave, a material difference in fact or law exists from that which was presented to the Court before entry of the interlocutory order for which reconsideration is sought. The party also must show that in the exercise of reasonable diligence the party applying for reconsideration did not know such fact or law at the time of the interlocutory order.

(2) The emergence of new material facts or a change of law occurring after the time of such order; or

1    (3)  A manifest failure by the Court to consider material facts or
2         dispositive legal arguments which were presented to the Court
          before such interlocutory order.

Civ. L.R. 7-9(b).

In the instant case, Plaintiff has failed to demonstrate any of the above. The cases cited by Plaintiff in her motion were all issued prior to the Court's September 28 order, and therefore (1) and (2) above are not applicable. In addition, Plaintiff did not cite any of those cases in the parties' joint letter (although she could have), nor did she make any assertion in the joint letter that Defendant had improperly asserted privilege; therefore, (3) is also inapplicable. Accordingly, Plaintiff's motion to reconsider must be denied.

Even if the Court were to consider Plaintiff's motion on the merits, it would still deny the motion. First, the cases cited by Plaintiff -- including *Victor Stanley, Inc. v. Creative Pipe, Inc.*, 250 F.R.D. 251 (D. Md. 2008) -- are consistent with the case cited by the Court in its September 28, order (*i.e.*, *Hartford Fire Ins. Co. v. Garvey*, 109 F.R.D. 323 (N.D. Cal. 1985)).[1] Each of the cases takes a balancing approach as to when there has been a waiver of the attorney-client privilege based on an inadvertent production. Second, on the facts, *Victor Stanley* is distinguishable from the instant case. There, the defendant had clearly failed to take reasonable precautions to prevent the disclosure of privileged information. *See Victor Stanley*, 109 F.R.D. at 254-55, 262-63 (discussing, *inter alia*, the defendant's decision to locate privileged electronic documents by using keywords, although this would likely result in the inadvertent production of privileged documents to the plaintiff). Here, Defendant did take some precautions to prevent the disclosure of privileged information, as indicated by the fact that it had created a folder (inadvertently produced on the DVD) that was marked attorney-client privilege. Finally, whether or not Defendant properly claimed privilege over the documents at issue, Plaintiff has not made any showing that the information inadvertently provided is actually relevant to her case and therefore improperly withheld by Defendant.

///

---

[1] In fact, one of the cases explicitly endorses *Hartford*. *See Alldread v. City of Grenada*, 988 F.2d 1425, 1434 (5th Cir. 1993) ("conclud[ing] that the district court's decision to analyze the issue under the *Hartford* test was proper").

2

## II. **CONCLUSION**

For the foregoing reasons, Plaintiff's motion for reconsideration is denied. Plaintiff is ordered to comply with the Court's September 28 order within three days of the date of this order.

This order disposes of Docket No. 104.

IT IS SO ORDERED.

Dated: September 29, 2009

_____
EDWARD M. CHEN
United States Magistrate Judge

3