| | |
|---|---|
| 1 | |
| 2 | |
| 3 | |
| 4 | |
| 5 | UNITED STATES DISTRICT COURT |
| 6 | NORTHERN DISTRICT OF CALIFORNIA |
| 7 | |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

CHARLOTTE YEE,

    Plaintiff,

   v.

U.S. SECRETARY OF LABOR, HILDA SOLIS,

    Defendant.
_____/

No. C-08-4259 MMC (EMC)

**ORDER RE PLAINTIFF'S LETTER OF OCTOBER 30, 2009**

**(Docket No. 114)**

Plaintiff has filed a letter, dated October 30, 2009, seeking clarification with respect to a Court order issued on October 22, 2009. *See* Docket No. 113 (order, filed on 10/22/2009). In that order, the Court ordered Defendant to provide a declaration certifying, *inter alia*, that there are no other documents in Defendant's possession, custody, or control that are related to the Sandler investigation. Defendant provided a declaration to Plaintiff on this issue which was signed by Alaina Jenkins, the EEO Officer for the Bureau of Labor Statistics ("BLS") of the Department of Labor ("DOL"). *See* Yee Decl., Ex. 3 (Jenkins Decl.). In the declaration, Ms. Jenkins states that she has searched all files in her possession, custody, or control in the attempt to locate documents related to the April 2007 complaint filed by Mr. Holden and investigated by Debra Sandler of Susan Grimes Associates. *See* Letter, Ex. 3 (Jenkins Decl. ¶ 3). According to Plaintiff, this declaration is inadequate because the BLS was not involved in the Sandler investigation; rather, the investigation was conducted by the DOL's Civil Rights Center ("CRC").

The Court rejects Plaintiff's contention that the declaration is inadequate on that basis. Plaintiff has provided no evidence to support her claim that the BLS was not involved with the

investigation.[1] However, the Court does find the declaration inadequate for a different reason. As noted above, Ms. Jenkins stated in her declaration that she has searched all files in *her* possession, custody, or control. That is not what the Court ordered. What the Court ordered was a declaration certifying that there were no other documents in *Defendant's* possession, custody, or control. While this may have been a technical error on the part of Ms. Jenkins, it is an error in need of correction. Accordingly, the Court orders Defendant to provide a declaration providing the information ordered by the Court. The declaration may be issued from Ms. Jenkins.

IT IS SO ORDERED.

Dated: November 2, 2009

_____
EDWARD M. CHEN
United States Magistrate Judge

---

[1] Based on the e-mail exchange provided by Plaintiff, Defendant's position seems to be that Ms. Jenkins is the appropriate person to provide the declaration because she is the successor to Ms. Wigglesworth, the person who authorized the Sandler investigation. *See* Yee Decl., Ex. 2.