UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLOTTE YEE, | No. C-08-4259 MMC (EMC) |
| Plaintiff, | |
| v. | **ORDER RE JOINT LETTER OF NOVEMBER 6, 2009** |
| U.S. SECRETARY OF LABOR, HILDA SOLIS, | **(Docket No. 117)** |
| Defendant. | |
| _____/ | |

Per the Court's order, the parties have provided a joint letter, dated November 6, 2009, discussing the destruction of the documents of certain employees of the Department of Labor ("DOL"). Plaintiff contends that the destruction of the documents constitutes spoliation. Defendant disputes such.

Under Ninth Circuit law, "[a] party's destruction of evidence qualifies as willful spoliation if the party has 'some notice that the documents were potentially relevant to the litigation before they were destroyed.'" *Leon v. IDX Sys. Corp.*, 464 F.3d 951, 959 (9th Cir. 2006). A party is entitled to a remedy for spoliation only where there is prejudice – *i.e.*, where "'the [spoiling party's] actions impaired [the non-spoiling party's] ability to go to trial or threatened to interfere with the rightful decision of the case.'" *Id.* (adding that, in a prior case, prejudice was found where the non-spoiling party was forced to rely on incomplete and spotty evidence at trial).

For purposes of this opinion, the Court assumes that Defendant knew or should have known that it had a duty to preserve documents potentially relevant to this case once Plaintiff filed her EEO

complaints in 2004 and 2007. However, for the reasons discussed below, even with this assumption, Plaintiff's request for a spoliation remedy founders for two reasons. She has not established that the destroyed documents were potentially relevant and/or that she has been prejudiced as a result of the destruction of documents.

## I. DISCUSSION

### A. Mr. Lelchook, Ms. Salas, Mr. Pizzella, and Ms. Rasfeld

Plaintiff has failed to provide sufficient evidence to establish that these individuals had a substantive role in the adverse decisions affecting her. At best, they were peripherally involved, as opposed, *e.g.*, to Mr. Betten. Accordingly, the Court concludes that, to the extent Defendant destroyed these employees' documents (for the most part, pursuant to a policy used in the normal course of business), it was not on adequate notice that, at the time of destruction, the documents were potentially relevant to Plaintiff's case. Moreover, because the employees were only peripherally involved, Plaintiff has not suffered any prejudice as a result of the alleged spoliation.

### B. Mr. Gaddie

Defendant concedes that Mr. Gaddie's documents are relevant to Plaintiff's case. However, as Defendant argues, Plaintiff has pointed to only one document that was not produced – *i.e.*, an e-mail from Ms. Yee to Mr. Gaddie in which she complains about Mr. Holden's asking his subordinates, including herself, to arrange meetings for him. Because Plaintiff has pointed to only one document – and a document which she herself authored – she has failed to establish prejudice.

### C. Ms. Lockhart

Even if CRC was the entity who hired the outside contractor, Ms. Sandler, to conduct the investigation of Mr. Holden's complaint, Plaintiff has failed to establish that Ms. Lockhart specifically was involved with the CRC decision to hire Ms. Sandler. Therefore, Plaintiff has failed to establish potential relevance of Ms. Lockhart's documents, as well as prejudice.

### D. Ms. Wigglesworth

Defendant does not really contest the relevance of Ms. Wigglesworth's documents. The problem for Plaintiff is once again prejudice. It is largely immaterial whether Ms. Wigglesworth received an instruction from the Secretary or any other superior, including Mr. Lacey, to deny

Plaintiff interim relief. The bottom line is that Plaintiff did not receive any interim relief, a fact which basically appears undisputed. Similarly, the extent to which Ms. Wigglesworth protested any instruction is immaterial. Again, the bottom line is that Plaintiff did not receive any interim relief. Plaintiff's contention that Defendant failed to act on her numerous complaints is not affected, and thus she suffered no significant prejudice.

E. Mr. Holey

Although Plaintiff may have made reference to Mr. Holey in her EEO complaints, the record in this case is clear that Plaintiff's complaints centered on Mr. Holden and Ms. Treadwell. Accordingly, Defendant was not on adequate notice that Mr. Holey's documents were potentially relevant. Furthermore, Plaintiff has failed to establish prejudice to her case as the result of any destruction.

F. Ms. Ramirez

As with the individuals listed in Part I.A, *supra*, Ms. Ramirez had at most peripheral involvement in Plaintiff's case. Plaintiff does not dispute that Ms. Ramirez was only Mr. Holden's secretary and therefore it is more than likely that she did not play a substantive role in the case. In addition, Plaintiff has failed to establish prejudice.

G. Ms. Best-Morris

Plaintiff has simply speculated that Ms. Best-Morris's hard drive crash was actually an intentional destruction of documents. That the hard drive crash occurred in September 2008, *i.e.*, at the time that Plaintiff initiated this lawsuit, is insufficient to suggest intentional or even negligent destruction of documents.

///
///
///
///
///
///
///

H. <u>Mr. Lacey</u>

The analysis above with respect to Ms. Wigglesworth is essentially applicable here. In short, there is an inadequate showing of prejudice.

This order disposes of Docket No. 117

IT IS SO ORDERED.

Dated: November 17, 2009

_____
EDWARD M. CHEN
United States Magistrate Judge