| | |
|---|---|
| | UNITED STATES DISTRICT COURT |
| | NORTHERN DISTRICT OF CALIFORNIA |

CHARLOTTE YEE,

        Plaintiff,

        v.

U.S. SECRETARY OF LABOR, HILDA SOLIS,

        Defendant.
_____/

No. C-08-4259 MMC (EMC)

**ORDER RE PLAINTIFF'S MOTION FOR DISCOVERY EXTENSION**

**(Docket Nos. 120, 121)**

Plaintiff has moved for an extension of the discovery deadlines in this case. The matter was referred to this Court by Judge Chesney. Under the current case management schedule, fact discovery closed on November 13, 2009. Expert disclosures are to be provided by December 4 and 18, 2009. Expert discovery does not close until January 8, 2010. *See* Docket No. 25 (order, filed on 2/27/2009). Plaintiff asks that these dates be extended by approximately three months. Plaintiff also asks for an extension of other case management deadlines, including the date to file a dispositive motion, the pretrial conference date, and (implicitly) the trial date.

Under Federal Rule of Civil Procedure 16, "a district court's scheduling order may be modified upon a showing of 'good cause,' an inquiry which focuses on the reasonable diligence of the moving party." *Noyes v. Kelly Servs.*, 488 F.3d 1163, 1174 n.6 (9th Cir. 2007); *see also* Fed. R. Civ. P. 16(b)(4) (providing that "[a] schedule may be modified only for good cause and with the judge's consent"). In the instant case, Plaintiff seems to argue that there is good cause for the discovery extension because there are two outstanding discovery matters, "with one whose revelations thus far are expected to lead to yet more necessary discovery." Docket No. 120 (Pl.'s

Letter at 1). Plaintiff does not specify what these matters are; thus, for that reason alone, she has failed to establish good cause.

Even if the two outstanding discovery matters were (1) the alleged spoliation of certain DOL employees' files, *see* Docket No. 119 (joint letter, filed on 11/6/2009), and (2) the alleged inadequacy of Defendant's declarations regarding the existence of additional documents related to the Sandler investigation, *see* Docket No. 121 (letter from Plaintiff, filed on 11/12/2009), the Court would still find that Plaintiff has failed to establish good cause. First, for the reasons discussed in the Court's order of November 17, 2009 (*see* Docket No. 125), there has been no improper spoliation of evidence by Defendant. Thus, there is no need for additional discovery by Plaintiff on those matters. Second, the Court has reviewed the three declarations submitted by Defendant regarding the existence of documents related to the Sandler investigation, *see* Docket No. 124 (letter from Defendant, filed on 11/13/2009), and is satisfied that, by virtue of these declarations, Defendant has complied with the Court's order of October 22, 2009. *See* Docket No. 113 (order requiring Defendant to provide declaration regarding documents related to the Sandler investigation). Therefore, there is no need for additional discovery on this matter either.

Accordingly, the Court hereby **DENIES** Plaintiff's request for an extension of the discovery deadlines. The Court further **DENIES** Plaintiff any relief with respect to her contention that the three declarations submitted by Defendant are not adequate.

The hearing on November 24, 2009, is **VACATED**.

This order disposes of Docket Nos. 120 and 121.

IT IS SO ORDERED.

Dated: November 18, 2009

_____
EDWARD M. CHEN
United States Magistrate Judge