IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

CHARLOTTE YEE,

    Plaintiff,

    v.

HILDA SOLIS, SECRETARY OF LABOR,

    Defendant.
                                   /

No. C 08-4259 MMC

**ORDER GRANTING FIRST MOTION TO AMEND TO THE EXTENT PREVIOUSLY DEFERRED; GRANTING SECOND MOTION TO AMEND**

    Before the Court is the previously deferred portion of plaintiff Charlotte Yee's Motion for Leave to Amend Claim, filed August 21, 2009 ("First Motion to Amend"). Also before the Court is plaintiff's "Corrected (Amended) Motion for Leave to Amend Claim," filed September 17, 2009 ("Second Motion to Amend").

    In its November 30, 2009 Order, the Court (1) denied plaintiff's First Motion to Amend to the extent plaintiff sought to include the whistleblower complaint in the instant action; (2) deferred ruling on the First Motion to Amend to the extent plaintiff seeks to include additional factual allegations and set a schedule for supplemental briefing with respect to such deferred portion; and (3) set a briefing schedule with respect to the Second Motion to Amend, which had not been properly noticed for hearing. Thereafter, each side filed additional briefs in accordance with the Court's order.

    Having read and considered the papers filed in connection with the respective motions, the Court rules as follows.

**LEGAL STANDARD**

On a motion for leave to amend the complaint, a district court "should freely give leave when justice so requires." See Fed. R. Civ. P. 15(a)(2). In determining whether leave to amend is appropriate, "four factors are commonly used," specifically, "bad faith, undue delay, prejudice to the opposing party, and futility of amendment." See DCD Programs, Ltd. v. Leighton, 833 F.2d 183, 186 (9th Cir. 1987). The factors, however, "are not of equal weight in that delay, by itself, is insufficient to justify denial of leave to amend." See id. Additionally, "it is the consideration of prejudice to the opposing party that carries the greatest weight." See Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003); see also DCD Programs, 833 F.2d at 187 ("The party opposing amendment bears the burden of showing prejudice.").

**DISCUSSION**

**A. Deferred Issues re: First Motion to Amend**

In opposition to plaintiff's proposed expansion of her factual allegations, defendant contends plaintiff has unduly delayed in seeking leave to amend, in that plaintiff has been aware of the additional alleged facts for some time.[1] Irrespective of whether plaintiff could have sought leave earlier, however, "delay, by itself," as noted above, "is insufficient to justify denial of leave to amend." See DCD Programs, Ltd., 833 F.2d at 186. Rather, "it is the consideration of prejudice to the opposing party that carries the greatest weight." See Eminence Capital, LLC, 316 F.3d at 1052.

Here, defendant has failed to show she would be prejudiced by the proposed amendment. Indeed, defendant concedes she was made aware of most, if not all, of the proposed factual allegations during such time as fact discovery was ongoing. Significantly, defendant points to no proposed allegation that would require additional discovery or otherwise prejudice defendant by its inclusion in the complaint.

---

[1] Defendant does not contend plaintiff has acted in bad faith or that the proposed amendment would be futile. Defendant does assert such amendment is, in part, unnecessary, but cites no authority suggesting such circumstance constitutes a ground for denial.

2

1  Accordingly, plaintiff's First Motion to Amend will be granted to the extent plaintiff
2  seeks to add the factual allegations presented in the proposed pleading filed concurrently
3  with her motion.[2]

### B. Second Motion to Amend

By her Second Motion to Amend, plaintiff seeks to add a claim under the Privacy Act, 5 U.S.C. § 552a, based on defendant's alleged destruction of and/or failure to provide plaintiff access to certain records during the course of the instant action. In opposition, defendant at the outset contends the requested leave should be denied because the proposed claim does not "relate[ ] back" to plaintiff's original claims. See Fed. R. Civ. P. 15(c). Defendant, however, does not contend, let alone demonstrate, such additional claim is, in the absence of relation back, time-barred, and, ordinarily, "a party asserting a claim . . . may join, as independent or alternative claims, as many claims as it has against an opposing party." Fed. R. Civ. P. 18(a). Consequently, defendant's reliance on Rule 15(c) is unavailing.

Defendant further contends leave should be denied based on rulings previously made by Magistrate Judge Edward Chen. Defendant does not contend, however, such rulings serve as a legal bar to plaintiff's proceeding on her Privacy Act claim, nor does defendant explain how such rulings counsel against the Court's allowing the proposed amendment.

Accordingly, plaintiff's Section Motion to Amend will be granted.

//
//
//
//
//

---

[2] The Court notes that plaintiff's amended pleading must conform to the ruling in the Court's November 30, 2009 Order, which denied plaintiff's First Motion to Amend to the extent plaintiff sought to add her "whistleblower complaint."

3

**CONCLUSION**

For the reasons stated above:

1. Plaintiff's First Motion to Amend, to the extent previously deferred, is hereby GRANTED.

2. Plaintiff's Second Motion to Amend is hereby GRANTED.

3. No later than January 8, 2010, plaintiff shall file an amended complaint that conforms to the ruling herein as well as to the Court's Order of November 30, 2009.

**IT IS SO ORDERED.**

Dated: December 23, 2009

_____
MAXINE M. CHESNEY
United States District Judge